```
1                IN THE UNITED STATES DISTRICT COURT

2                FOR THE NORTHERN DISTRICT OF TEXAS

3                          DALLAS DIVISION

4
  UNITED STATES OF AMERICA,    )      3:14-CR-367-B (06)
5            Government,       )
                               )
6                              )
  VS.                          )      DALLAS, TEXAS
7                              )
                               )
8 CESAR ZARATE,                )
             Defendant.        )      January 16, 2015
9

10
              TRANSCRIPT OF REARRAIGNMENT HEARING
11
           BEFORE THE HONORABLE IRMA C. RAMIREZ
12
              UNITED STATES MAGISTRATE JUDGE
13

14
  A P P E A R A N C E S:
15

16
  FOR THE GOVERNMENT:        MR. P.J. MEITL
17                           UNITED STATES DEPARTMENT OF JUSTICE
                             NORTHERN DISTRICT OF TEXAS
18                           U.S. Courthouse, Third Floor
                             1100 Commerce Street
19                           Dallas, Texas  75242
                             philip.meitl@usdoj.gov
20                           (214) 659-8680

21

22

23

24

25
```

```
 1   FOR THE DEFENDANT:         MR. DOYLE "TREY" BUNCH III
                                Burleson Pate & Gibson LLP
 2                              900 Jackson Street
                                Suite 330
 3                              Dallas, Texas   75202
                                tbunch@bp-g.com
 4                              (214) 871-4900

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18
     COURT REPORTER:            MR. TODD ANDERSON, RMR, CRR
19                              United States Court Reporter
                                1100 Commerce St., Rm. 1625
20                              Dallas, Texas   75242
                                (214) 753-2170
21

22

23       Proceedings reported by mechanical stenography and

24   transcript produced by computer.

25
```

```
 1            REARRAIGNMENT HEARING - JANUARY 16, 2015
 2                      P R O C E E D I N G S
 3            THE COURT:  Cesar Zarate, 3:14-CR-367.
 4            MR. BUNCH:  Trey Bunch for Mr. Zarate.
 5            THE COURT:  Sir, if you would please raise your right
 6   hand and be sworn.
 7            (The Defendant was sworn)
 8            THE COURT:  Do you understand, sir, that you're now
 9   under oath and that if you answer any of my questions falsely
10   that you could later be prosecuted for perjury or making a
11   false statement?
12            THE DEFENDANT:  Yes, Your Honor.
13            THE COURT:  Tell me your whole name for the record.
14            THE DEFENDANT:  Cesar Zarate.
15            THE COURT:  How old are you, Mr. Zarate?
16            THE DEFENDANT:  27.
17            THE COURT:  How much education have you had?
18            THE DEFENDANT:  I dropped out of the eleventh grade.
19            THE COURT:  Are you able to read and write?
20            THE DEFENDANT:  Yes, ma'am.
21            THE COURT:  With the last six months have you been
22   under the care of any doctor?
23            THE DEFENDANT:  No, ma'am.
24            THE COURT:  Have you ever been hospitalized or
25   treated for narcotics addiction or alcoholism?
```

```
 1                THE DEFENDANT:  No, ma'am.
 2                THE COURT:  Have you ever been diagnosed with any
 3   mental or emotional disability or problem?
 4                THE DEFENDANT:  No, ma'am.
 5                THE COURT:  Are you now under the influence of
 6   alcohol or any drugs?
 7                THE DEFENDANT:  No, ma'am.
 8                THE COURT:  Is there anything that you know of that
 9   might in any way affect your ability to understand why you're
10   here today and what you're going to do?
11                THE DEFENDANT:  No, ma'am.
12                THE COURT:  Are you comfortable that you do fully
13   understand what it is that you're here for?
14                THE DEFENDANT:  Yes, ma'am.
15                THE COURT:  Mr. Bunch, any reason to believe that
16   Mr. Zarate is not fully competent to enter a plea of guilty?
17                MR. BUNCH:  No, Your Honor.
18                THE COURT:  Do you believe his plea will be a knowing
19   and voluntary plea?
20                MR. BUNCH:  I do.
21                THE COURT:  Sir, you have the right to enter your
22   plea before the District Judge who is assigned to your case,
23   but you can agree to have the Magistrate Judge take your plea
24   and make a recommendation to the Judge that she either accept
25   it or reject it.
```

        I have here a signed notice and consent form.  Can you see the signature here at the bottom?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Is this your signature?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Did you read this notice and consent before you signed it?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Did you discuss it with Mr. Bunch?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you still want to go forward today before a magistrate judge?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  I find that consent has been given knowingly and voluntarily, and we will proceed with the proposed plea.

        You have the right to plead not guilty to any offense charged against you, and if you plead not guilty, the Constitution guarantees you certain rights:  the right to a speedy and public trial by a jury in this district; the right at trial for you to see, hear, and cross-examine all witnesses against you; the right to use the power and process of the Court to compel the attendance of witnesses and production of evidence in your favor; the right to the assistance of an attorney at all stages of the proceedings.  If you cannot

1  afford an attorney, one would be appointed for you.
2          You could not be compelled to testify at trial.
3  Whether or not you would testify would be your decision.  The
4  Government would have to prove your guilt beyond a reasonable
5  doubt.  And if you were convicted, you would have the right to
6  appeal your conviction.
7          Do you understand that you have and are guaranteed
8  each of these rights?
9          THE DEFENDANT:  Yes, Your Honor.
10         THE COURT:  On the other hand, if you plead guilty
11 and if the District Judge accepts your plea, there's not going
12 to be a trial.  By pleading guilty you are giving up that right
13 as well as those other rights that go with a trial that I just
14 described.  If you plead guilty, you will be convicted of the
15 offense charged in Count Seven of the indictment.
16         Do you understand the consequences of pleading
17 guilty?
18         THE DEFENDANT:  Yes, Your Honor.
19         THE COURT:  In Federal court it is the Judge who
20 decides the sentence whether a Defendant is convicted by a jury
21 or upon a plea of guilty.
22         The United States Sentencing Commission issued
23 guidelines for judges to follow in deciding the appropriate
24 sentence in a criminal case.  The Supreme Court later found
25 that those guidelines were not mandatory but only advisory.

1  That means that the Judge has to consider how those guidelines
2  might apply in your case, but she is not required to follow
3  them.
4          Have you and Mr. Bunch talked about these guidelines
5  and how they might apply in your case?
6          THE DEFENDANT:  Yes, Your Honor.
7          THE COURT:  Even so, do you understand that you
8  should not depend or rely upon any statement or assurance by
9  anyone as to what sentence you will get because only the Judge
10 can make that decision?
11         THE DEFENDANT:  Yes, ma'am.
12         THE COURT:  The Judge won't make her decision until
13 after the Probation Office has prepared a presentence report.
14 To prepare the report, the Probation Office will interview you
15 as well as the agents of the Government about the facts of the
16 case.
17         The officer may also consider a document filed in
18 this case called a factual resume.  It lists facts that are
19 agreed between you and the Government.  You should know that
20 the probation officer is not limited to this document.  The
21 officer can consider facts that are not listed here and
22 disregard facts that are.  If that happens, you may not be
23 permitted to withdraw your plea of guilty.  You will, however,
24 have an opportunity through your attorney to object to the
25 presentence report.  To decide your sentence, the Judge will

1  consider the report, your objections, and any evidence
2  presented at the sentencing hearing.
3        You do have the right to appeal whatever sentence you
4  get unless you give up that right.  In some cases the
5  Government also has a right to appeal.
6        Parole has been abolished, so if you are sentenced to
7  prison, you will not be released on parole.
8        Do you understand generally how the process of
9  sentencing works?
10       THE DEFENDANT:  Yes, Your Honor.
11       THE COURT:  You've got Mr. Bunch appearing with you
12 today as your attorney.  Have you had a full opportunity to
13 talk to him about your case and your proposed plea of guilty?
14       THE DEFENDANT:  Yes, ma'am.
15       THE COURT:  Are you fully satisfied with the
16 representation and advice that you have received from Mr. Bunch
17 in connection with your case and your proposed plea of guilty?
18       THE DEFENDANT:  Yes, Your Honor.
19       THE COURT:  Did you get a copy of the indictment?
20       THE DEFENDANT:  Yes, ma'am.
21       THE COURT:  Did you read it?
22       THE DEFENDANT:  Yes, ma'am.
23       THE COURT:  You have the right to have Count Seven
24 read out loud to you at this time, but you may waive the
25 reading.  What would you like to do?

```
 1                THE DEFENDANT:  I'll waive it.
 2                THE COURT:  I will ask the Assistant United States
 3   Attorney to set out the essential elements of the offense,
 4   which is what the Government would have to prove at trial to
 5   convict you on this charge.
 6                Mr. Meitl?
 7                MR. MEITL:  Yes, Your Honor.
 8                The Government would have to prove that:
 9                First:  The individual knowingly possessed a mixture
10   or substance containing a detectable amount of methamphetamine;
11                Second:  That the substance was in fact a mixture or
12   substance containing a detectable amount of methamphetamine;
13   and
14                Third:  That the individual possessed the substance
15   with the intent to distribute it.
16                THE COURT:  Do you understand each of these essential
17   elements?
18                THE DEFENDANT:  Yes, ma'am.
19                THE COURT:  Do you admit that you committed each of
20   these essential elements?
21                THE DEFENDANT:  Yes.
22                THE COURT:  A defendant who is accused of a crime
23   cannot plead guilty unless he is actually guilty of that crime.
24   If you plead guilty, your plea should not be prompted or
25   induced by any promises, pressure, threats, force, or coercion
```

```
 1  of any kind.
 2            A plea of guilty has to be purely voluntary, and you
 3  should plead guilty only because you are guilty and for no
 4  other reason.
 5            Has anyone in any way tried to get you to or make you
 6  plead guilty in this case?
 7            THE DEFENDANT:  No, ma'am.
 8            THE COURT:  I have here the plea agreement that was
 9  filed on December 12th.  Do you have a copy there?
10            THE DEFENDANT:  Yes, ma'am.
11            THE COURT:  Please look with me at page 6 and page 7
12  and tell me if that is your signature above your typed name on
13  each page.
14            THE DEFENDANT:  Yes, ma'am.
15            THE COURT:  Before you signed the plea agreement, did
16  you fully read it?
17            THE DEFENDANT:  Yes, ma'am.
18            THE COURT:  Did you discuss it with Mr. Bunch and ask
19  him any questions you had about it?
20            THE DEFENDANT:  Yes, ma'am, I did.
21            THE COURT:  Were you comfortable that you fully
22  understood everything set out here in the plea agreement before
23  you signed it?
24            THE DEFENDANT:  Yes, ma'am.
25            THE COURT:  Are all of the terms of your agreement
```

1  with the Government set out in this document?

2  THE DEFENDANT: Yes, ma'am.

3  THE COURT: I would like to go over some of those
4  terms with you.

5  On page 3, in paragraph 7, there is an agreement by
6  you to allow the Government, the United States Government, to
7  take the property that was either noted in the indictment as
8  subject to forfeiture or that was seized during the
9  investigation that led to the indictment and to not challenge
10  the taking through any type of proceeding.

11  Did you voluntarily and of your own freewill agree to
12  let the Government take this property and not to challenge that
13  taking?

14  THE DEFENDANT: Yes, ma'am.

15  THE COURT: On page 4, paragraph 8, the Government
16  agrees that it will not bring any additional charges against
17  you based on the underlying conduct and that it will dismiss
18  after sentencing any remaining charges in the pending
19  indictment.

20  Because your plea agreement has these promises by the
21  Government, the Judge has to decide whether she will accept it.
22  If the Judge does not accept your plea agreement, then you will
23  have the opportunity to withdraw your plea of guilty and change
24  it to not guilty.

25  Do you understand that this is an option if the Judge

```
 1  does not accept your plea agreement?
 2          THE DEFENDANT:  Yes, I understand.  But I would like
 3  to ask, what would be the reasons for her not to accept my plea
 4  of guilty?
 5          THE COURT:  Well, that would be up to her to
 6  determine whether the plea agreement should be accepted or not.
 7  Any reason -- she would state any reasons if she did not.  But
 8  she hasn't had a chance to consider it yet, so I can't tell you
 9  what she might or might not do.
10          THE DEFENDANT:  What would be the reasons?
11          THE COURT:  Well, your -- I'll give you an example.
12  Sometimes plea agreements have agreements for a specific
13  sentence, and the Judge may determine that based on the
14  probation report that we're going to talk about -- that we've
15  already talked about that that's not an appropriate sentence,
16  so the Judge could determine that the plea agreement should not
17  be accepted for that reason.  And that's not the case here.
18  You don't have an agreement for a specific sentence.  But it
19  could be for a reason like that.  And you should talk to your
20  attorney about that part.
21          THE DEFENDANT:  Okay.  Thank you.
22          THE COURT:  Okay.  All right.  On page 5, in
23  paragraph 11, there's a waiver of right to appeal or to
24  otherwise challenge sentence.
25          Do you understand that in paragraph 11 you've agreed
```

1  to give up the right to appeal, which I explained earlier,
2  except for the limited circumstances that are listed there?
3            THE DEFENDANT:  Yes, ma'am.
4            THE COURT:  You've also agreed to give up the right
5  to otherwise challenge your sentence, which you can do through
6  a writ of habeas corpus or a motion to vacate.  And you've
7  reserved certain limited circumstances there.  Do you
8  understand that?
9            THE DEFENDANT:  Yes, ma'am.
10           THE COURT:  Do you understand that you've only
11 reserved your right to bring a direct appeal of a sentence
12 exceeding the statutory maximum punishment or an arithmetic
13 error at sentence, to challenge the voluntariness of your plea
14 of guilty or this waiver, or to bring a claim of ineffective
15 assistance of counsel?
16           THE DEFENDANT:  Yes, ma'am.
17           THE COURT:  Did you voluntarily and of your own
18 freewill agree to give up your rights to appeal or otherwise
19 challenge your sentence except for these limited circumstances?
20           THE DEFENDANT:  Yes, ma'am.
21           THE COURT:  Other than the written plea agreement,
22 has anyone made you any promises or assurances of any kind in
23 order to get you to plead guilty?
24           THE DEFENDANT:  No, ma'am.
25           THE COURT:  By signing the plea agreement, are you

```
 1  asking the Court to approve and accept it?
 2          THE DEFENDANT:  Yes, ma'am.
 3          THE COURT:  Do you understand that you are pleading
 4  guilty to a felony and that conviction of a felony could
 5  deprive you of valuable rights of citizenship, such as the
 6  right to vote and the right to own a gun?
 7          THE DEFENDANT:  Yes, ma'am.
 8          THE COURT:  In addition to that, you will face
 9  certain penalties and consequences if convicted on this charge.
10  And Mr. Meitl is going to set those out.
11          MR. MEITL:  Yes, Your Honor.
12          The maximum penalties the Court can impose for Count
13  Seven of the indictment include:
14          Imprisonment for a period of not more than 20 years;
15          A fine not to exceed $1 million or twice any
16  pecuniary gain to the Defendant or loss to the victims;
17          A term of supervised release of not less than three
18  years, which is mandatory under the law and will follow any
19  term of imprisonment.  If Mr. Zarate violates the conditions of
20  supervised release, he could be imprisoned for the entire term
21  of supervised release;
22          A mandatory special assessment of $100.00;
23          Restitution to victims or to the community, which
24  Mr. Zarate agrees will include restitution arising from all
25  relevant conduct, and not limited to that arising from the
```

```
 1  offense of conviction alone;
 2            And costs of incarceration and supervision.
 3            THE COURT:  Sir, do you understand that if you plead
 4  guilty you will be subject to these penalties and consequences?
 5            THE DEFENDANT:  Yes, ma'am.
 6            THE COURT:  I'm sorry?
 7            THE DEFENDANT:  Yes, ma'am.
 8            THE COURT:  Do you understand that if the sentence
 9  you get is more than what you expect it to be you will still be
10  bound by your plea of guilty?
11            THE DEFENDANT:  Yes, ma'am.
12            THE COURT:  Having heard all of this, how do you
13  plead to Count Seven of the indictment?  Guilty or not guilty?
14            THE DEFENDANT:  Guilty.
15            THE COURT:  Before I can recommend to Judge Boyle
16  that she accept your plea, I have to find that there are enough
17  facts to support it.
18            I do have here the factual resume that was filed on
19  December 12th.  Do you have a copy there before you?
20            THE DEFENDANT:  Yes, ma'am.
21            THE COURT:  Please look with me at page 3 and tell me
22  if that is your signature above your typed name on that page.
23            THE DEFENDANT:  Yes, ma'am.
24            THE COURT:  Before you signed the factual resume, did
25  you fully read it?
```

```
 1                THE DEFENDANT:  Yes, ma'am.
 2                THE COURT:  Did you discuss it with Mr. Bunch and ask
 3   him any questions you had about it?
 4                THE DEFENDANT:  Yes, ma'am.
 5                THE COURT:  Were you comfortable that you fully
 6   understood everything set out here in the factual resume before
 7   you signed it?
 8                THE DEFENDANT:  Yes, ma'am.
 9                THE COURT:  Are the facts that are recited here true
10   and correct?
11                THE DEFENDANT:  Yes, ma'am.
12                THE COURT:  You have the right to have them read out
13   loud to you at this time, but you may waive the reading of the
14   factual resume.  What would you like to do?
15                THE DEFENDANT:  Waive.  Waive.
16                THE COURT:  Waive.
17                Being satisfied with the responses given during this
18   hearing, I make the following finding on the record:
19                In the case of the United States of America versus
20   Cesar Zarate, Case 3:14-CR-367-B, Mr. Zarate is fully competent
21   and capable of entering an informed plea.  His plea of guilty
22   to Count Seven of the indictment is a knowing and voluntary
23   plea supported by an independent basis in fact that contains
24   each of the essential elements of the offense charged in Count
25   Seven of the indictment.
```

1           The Court, therefore, recommends that his plea of
2    guilty be accepted, and if it is, he will be adjudged guilty of
3    the offense charged in Count Seven of the indictment.
4           I've signed a written recommendation to Judge Boyle
5    that she accept your plea, and I've signed a second copy that
6    was just served on you.  If you have any objections to that
7    recommendation, you will have 14 days from today to file those
8    objections through your attorney.
9           As I explained earlier, the Probation Office will now
10   prepare the presentence report to help the District Judge at
11   sentencing.  You will be asked to give information for that
12   report, and your degree of cooperation could be a factor in the
13   severity of your sentence.
14          Through your attorney, you will get a copy of that
15   report well before the sentencing hearing, and through him you
16   will have the opportunity to file any objections that you think
17   are appropriate.
18          You're set for sentencing before Judge Boyle on May
19   7th at 1:30.
20          Your presentence report is due by April 2nd.
21          Any objections are due by April 16th.
22          Any addendum is due by April 23rd.
23          And any objections to the addendum are due by April
24   30th.
25          A scheduling order will issue with all of the

1  relevant dates and times.
2           Mr. Zarate, do you have any questions about anything
3  that we've covered here so far?
4           THE DEFENDANT:  No, ma'am.
5           THE COURT:  Mr. Bunch, anything else the Court should
6  address?
7           MR. BUNCH:  Nothing further, Your Honor.
8           THE COURT:  Mr. Meitl?
9           MR. MEITL:  No, ma'am.
10          THE COURT:  Good luck to you, Mr. Zarate.
11          We're adjourned as to this matter.  Counsel are
12 excused if they have no further matters before the Court.
13          (Hearing adjourned)
14
15
16
17
18
19
20
21
22
23
24
25

1                          INDEX
2   Essential Elements read.................................... 9
3   Plea received............................................. 15

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Todd Anderson, RMR, CRR                    (214) 753-2170

1    I, TODD ANDERSON, United States Court Reporter for the
2  United States District Court in and for the Northern District
3  of Texas, Dallas Division, hereby certify that the above and
4  foregoing contains a true and correct transcription of the
5  proceedings in the above entitled and numbered cause.
6    WITNESS MY HAND on this 8th day of July, 2015.

7
8
9
                              /s/Todd Anderson
10                            TODD ANDERSON, RMR, CRR
                              United States Court Reporter
11                            1100 Commerce St., Rm. 1625
                              Dallas, Texas  75242
12                            (214) 753-2170

13
14
15
16
17
18
19
20
21
22
23
24
25